IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICO AYUSO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 4:13-cv-01211-DDN |
| | ) |
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON, et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S JOINT MEMORANDUM IN OPPOSITION TO DEFENDANTS' COMBINED MOTION TO DISMISS THE ACTION AS TO CO-DEFENDANTS BURNS & WILCOX, LTD. AND MICHAEL L. EHRHARDT AND TO REMOVE FOR FRADULENT AND PRETENSIVE JOINDER; AND IN SUPPORT OF CROSS MOTION BY PLAINTIFF TO REMAND THIS ACTION TO THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**

COMES NOW Plaintiff, Rico Ayuso, by and through his undersigned attorney, The Chase Law Firm PC, as and for his joint memorandum in opposition to Defendants' combined motion to dismiss co-defendants Burns & Wilcox, Ltd. and Michael L. Ehrhardt and to remove for fraudulent and pretensive joinder; and in support of his motion to remand this action to the Circuit Court of the City of St. Louis, respectfully sets forth and states as follows:

**I. INTRODUCTION**

On or about May 15, 2013, Plaintiff Rico Ayuso ("Plaintiff") filed his Petition in the Circuit Court of the City of St. Louis, State of Missouri ("state court"), claiming a breach of contract and vexatious refusal to pay arising from a failure of Defendant Certain Underwriters at Lloyd's London ("Lloyd's") to pay a valid

1

insurance claim. (Defendants have attached the Petition with its exhibits in state court to their motion as Exhibit A).

On or about June 26, 2013, Defendants filed a notice of removal to remove this action from the state court to the United States District Court, Eastern District of Missouri.

## A. THE CLAIM OF A RIGHT TO DISMISSAL

Defendants, although captioning their motion as a "combined motion to dismiss *and* for fraudulent and pretensive joinder; in reality, are submitting a request for the latter relief only. Defendants do not move under Rule 12 (b). In fact their motion to dismiss states no cognizable ground for that relief.

When considering a 12(b)(6) motion, the court presumes that all the allegations of the complaint are true; it resolves all doubts or inferences in the plaintiff's favor; and it reads the complaint (in Missouri, the "Petition") in the light most favorable to the Plaintiff. The burden of proof on such a motion is on the party making it. No material from outside the pleadings may be considered and none has been submitted by movants. *See*, Section 6.7(d) The state court Petition fully sets forth facts stating each defendant's acts (Section IV, *infra.*); as Missouri is a fact-pleading and not a notice-pleading jurisdiction.

## B. THE CLAIM OF DIVERSITY JURISDICTION

In order for diversity jurisdiction to apply, complete diversity is required, where none of the plaintiffs can be from the same state as any of the defendants. *Guaranty Trust Co. v. York*, 326 U.S. 99 (1945)

Here, defendants misstate the facts of Defendant Lloyd's citizenship. Defendants, in their combined motion, state at paragraph 4, "Defendant Lloyd's is a foreign corporation organized, incorporated and existing under the laws of the United

Kingdom, with its principal place of business in London, England and authorized to do business in the state of Missouri." The defendants repeat that averment at paragraph 9 b. Other than the phrase that Defendant Lloyd's is "authorized to do business in the state of Missouri," the averment is false.

In fact, Defendant Lloyd's is *not* a corporation. Lloyds' is a foreign insurance market that, as a purported entity, through Defendants Burns & Wilcox, Ltd. ("Burns") and Michael L. Ehrhardt ("Ehrhardt") and at all times set forth in the Petition, was and is doing business and selling insurance in the state of Missouri. (Petition, paragraph 3; the Answer, paragraph 3, admits that Lloyd's is "authorized to conduct business of a surplus lines insurer in the State of Missouri" and avers Lloyd's to be a "foreign corporation" instead of a foreign insurance market as set forth in Lloyd's website[1] and as reflected in the caption of this action). Lloyd's is not and never has been, a corporation. There is no indicia or disclosure of any corporate status in Exhibit C to the Petition, the Policy.

Mendes & Mount, LLP, of 750 Seventh Avenue, New York, New York, was designated for service of process by the "Service of Suit Clause (U.S.A.)" of Exhibit C to the Petition, the Policy. The service of process on Defendants Burns and Ehrhardt, as agents of Defendant Lloyd's was also good service on Defendant Lloyd's in the state of Missouri. (Rule 54.13; RSMo. §§ 375.046, 375.256). Worthy of note is that Mendes and Mount wrote in a fax letter to Plaintiff's attorney stating *inter alia*, "Our office is often designated as the agent for service of process subscribed by Certain Underwriters at Lloyd's, London. In that capacity, we are authorized only to accept service of suit by the Named Insured **against the Underwriters subscribing the policy**. We are not authorized to act in any other manner. (Fax letter from Mendes

---

[1] http://www.lloyds.com/lloyds

3

& Mount, Exhibit "1" hereto) (Emphasis Added) Defendant "Lloyd's is an insurance market, not an insurance company.[2]

Defendant Lloyd's is not a foreign corporation. Therefore all the law relating to diversity jurisdiction against a foreign corporate entity does not apply. Lloyd's can only be treated as a citizen of the state in which it is doing business – Missouri – where its business is located. Jurisdiction is proper in courts of the state of Missouri.

A partnership or limited liability company is considered to have the citizenship of all of its constituent partners/members, *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006). But Defendant Lloyd's is neither. No one knows the citizenship of all of its constituent partners/members, or even who they are. Lloyd's has lasted for centuries by different persons from different places coming together and insuring specific risks, so Lloyd's itself is not a partnership or limited liability company for diversity jurisdiction. Again, Defendant Lloyd's can only be treated as a citizen of the state in which it is doing business – Missouri – where its business is located.

Lloyd's itself publishes the following on its website: "Lloyd's is an insurance market, not a single insurance company. It consists of a number of separate businesses (syndicates) that underwrite risks on a shared but competitive basis. Business is brought to these syndicates by a worldwide network of brokers working with Lloyd's brokers based in London." The website goes on, " Underwriters at Lloyd's are licensed only in Kentucky, Illinois and the US Virgin Islands, and are eligible surplus lines insurers in all US jurisdictions except Kentucky.[3]

---

[2] http://www.lloyds.com/lloyds/offices/americas/us-homepage/us-policyholders
[3] http://www.lloyds.com/lloyds/offices/americas/us-homepage/terms-and-conditions

4

By mistakenly or intentionally denominating Defendant Lloyd's as "organized, incorporated and existing under the laws of the United Kingdom, with its principal place of business in London, England" – which it is not – Defendants seek to have Missouri's proper and legitimate subject matter jurisdiction and *in personam* jurisdiction interfered with by removal. Plaintiff gently informs the court that Defendants' present attorneys are specialists in insurance law, one of the attorney makers of the combined motion has written a book on insurance law and, upon information and belief, these attorneys have represented Defendant Lloyd's in other actions and proceedings and they know that Defendant Lloyd's is not a corporation.

The combined motion states no ground for the court to remove this action, other than the supposed status of Defendant Lloyd's and Defendant Burns as principal and agent; and then enters into a brief discussion of the law of agency. As is evident from the foregoing, there is no disclosed principal entity to which the Defendants can point in their principal/agent argument. Do Defendants seriously suggest that an insurance market, **not** an insurance company, corporation, partnership or limited liability company; consisting of a number of separate businesses (syndicates) that underwrite risks on a shared but competitive basis, where business is brought to these syndicates by a worldwide network of brokers working with Lloyd's brokers based in London, is by any stretch, a disclosed principal?

Each of the Defendants: Lloyd's, Burns and Ehrhardt, performed physical acts within the state of Missouri and within the insurance transaction and contract that bottoms Plaintiff's Petition. This court is not bound by the formalisms of agency law when that formalism ignores the evident facts that no disclosed principal exists; establishing that the action truly belongs in state court. Defendants' motion does not

state one fact in support of their request; nor do they deny the factual statements in the Petition.

## II. NATURE OF PLAINTIFF'S CLAIM

Plaintiff purchased a policy of homeowners insurance from Defendants through their Producers in Missouri and paid the required premium. One month and 24 days later – and on Christmas eve – the dwelling suffered a catastrophic fire; effectively, a total loss. Plaintiff hired a licensed public loss adjuster who examined and valued the loss and damage to the dwelling and the personal property. The dwelling was a total loss under the standards set in the Policy and by Missouri case law. Just about all personal property was destroyed by the fire or the Riverview Fire Protection District's efforts to contain and extinguish the fire. The District found the cause of the fire to be accidental. The Village of Riverview has determined the dwelling to be an unsafe and dangerous structure due to the severe fire damage and issued an order to repair or demolish the building.

## III. REVIEW OF PETITION (DEFENDANTS' EXHIBIT A) AND OTHER RELEVANT FACTS

Defendants, Lloyd's, a foreign insurance carrier permitted to do business in Missouri under the Missouri Surplus Lines Laws; Burns, Lloyd's agent that, on or about September 18, 2012 in Missouri issued and physically delivered the Offer and Quotation ("Quotation" Exhibit B to the Petition) to Plaintiff, after receipt of an Application (Exhibit A to Petition) prepared by one Daniel J. Tedder, a Producer, whose acts are the acts of the insurance carrier under Missouri law. On or about November 1, 2012, Defendant Burns in Missouri issued and physically delivered the Certificate of Insurance or "Policy" (Exhibit C to Petition) to Plaintiff, pursuant to Missouri law; and Ehrhardt, the Surplus Lines Insurance licensee for Defendant Lloyd's under the authority of the Missouri Department of Insurance pursuant to

Missouri law, a licensed producer of Defendants Burns and Lloyd's and the "Authorized Agent," "Authorized Representative" and Policy signatory of Lloyd's in Missouri under the Policy. Burns, Ehrhardt and their producer representatives are "Producers" under Missouri Insurance Law. All performed physical acts in Missouri and are necessary parties to this action.

The Petition traces the Application for homeowners insurance signed by the Plaintiff and the Quotation prepared, issued and delivered to Plaintiff by Defendant Burns on Plaintiff's dwelling, titled the "Subject Property" in the Petition and on this motion.

The Petition also traces the physical acts of Lloyd's Producers, Daniel J. Tedder and Defendant Burns with the application and payment of the initial premium to Defendants Burns and Lloyd's. Missouri law (RSMo. § 374. 400) makes the physical acts of Producers (collecting fees on account of the insurance contract, "or who shall receive or receipt for any money from other persons, to be transmitted to any such insurance company or association, either in or out of this state, for a policy or policies of insurance issued by the company or association, or for any renewal thereof, although the same may not be required by such person or persons as insurance producers, or who shall make or cause to be made, directly or indirectly, any contract of insurance for the company or association, shall be deemed to all intents and purposes a producer of the company or association") all of which were done by these moving defendants, the acts of Defendant Lloyd's.

The Petition also clearly sets forth that the Certificate of Insurance or Policy, was signed by Defendant Ehrhardt as Authorized Agent and Authorized Representative of Defendant Lloyd's by his electronic signature on the Policy and the Policy's creation, issuance and delivery in the state of Missouri by all defendants.

Under Missouri law, the signature is deemed confessed. (Answer, paragraphs 18, 19; Missouri Supreme Court Rules of Civil Procedure, Rule 55.23)

Defendants combined motion does not seriously address the contents of the Petition and its exhibits, although they submit it to this court as Exhibit A on the combined motion.

## IV. PHYSICAL ACTS OF THE MOVING DEFENDANTS WITHIN THE STATE OF MISSOURI ON THEIR OWN BEHALF AND ON BEHALF OF DEFENDANT LLOYD'S

All defendants have physically performed acts with respect to this insurance contract within the state of Missouri. Daniel J. Tedder, as Producer for Defendant Lloyd's, constructed the insurance Application, received the initial premium from Plaintiff and paid the initial premium (less his commission) to Defendant Burns in the state of Missouri. Defendant Burns received premium payments in the state of Missouri. The Application and the initial premium were accepted in early September 2012 in the state of Missouri by Defendant Burns. The Quotation was issued on September 18, 2012 by Defendant Burns in the state of Missouri. The Certificate of Insurance or Policy was issued by Defendant Burns as Agent of Defendant Lloyd's in the state of Missouri and executed by Defendant Ehrhardt as Authorized Agent and Authorized Representative of Defendant Lloyd's on November 1, 2012 in the state of Missouri. Pursuant to Missouri law, the Policy was physically delivered to Plaintiff by Defendant Burns in the state of Missouri. The balance of the annual premium was paid over to Defendant Burns by Royal Premium and received in Missouri by Defendant Burns. Process was served on defendants Burns and Ehrhardt on May 28, 2013 in the state of Missouri and on defendant Lloyd's in the state of New York as contractually mandated by the terms of the "Service of Suit Clause (U.S.A.)" of the Policy. Jurisdiction is proper in courts of the state of Missouri. The service of process

on Defendants Burns and Ehrhardt, as agents of Defendant Lloyd's in the state of Missouri was also good service on Defendant Lloyd's. (Rule 54.13; RSMo. §§ 375.046, 375.256

The Petition in this action was filed on May 13, 2013 in the 22nd Circuit Court of the state of Missouri. Prior to May 13, 2013 Plaintiff resided and still resides within the city of St. Louis, state of Missouri.

Therefore, under the clear facts, jurisdiction is proper in the state of Missouri and venue is proper in the 22nd Circuit Court.

## V. ARGUMENT

### A. DEFENDANT'S DIVERSTY CLAIM IS INVALID BECAUSE DEFENDANT BURNS AND EHRHARDT ARE "FOR PROFIT" ENTITIES THAT ACTIVELY ENGAGED IN INSURANCE BUSINESS ACTIVITIES AND THEREFORE ARE NECESSARY PARTIES TO THIS ACTION

RSMo. § 375.046 *inter alia*, states, "any person or person in this state who shall receipt for any money on account of or for any contract of insurance made by such person... or who shall receive or receipt for any money from other persons, to be transmitted to any such insurance company or association, either in or out of this state, for policy or policies of insurance issued by the company or association... or who shall make or cause to be made, directly or indirectly, any contract of insurance for the company or association, shall be deemed to all intents and purposes a producer of the company or association, and shall be subject to all the provisions and regulations and liable to all the penalties provided and fixed by RSMo. § 375.010 to § 375.920."

Therefore, engaging in activities laid out in RSMo. § 375.046 makes one liable under the RSMo. § 375.420 "Vexatious Refusal to Pay Claim" law, as well as RSMO. § 375.296 for additional damages for vexatious refusal to pay.

Defendants improperly cite *Missouri Prop. & Cas. Ins. Guar. Ass'n v. Pott Indus.*, 971 S.W.2d 302, 306 (Mo. banc. 1998) in arguing that Defendants Burns and Ehrhardt cannot be held liable for vexatious refusal to pay because "neither is an insurance company."

Defendant Burns, formed in Missouri on January 12, 1984 and the only corporate entity in this action is a **business corporation**, according to the Missouri Secretary of State's website. It is not a nonprofit corporation. In *Missouri Prop.*, the court cited RSMo. § 375.785.1 and relinquishes liability of a "**nonprofit unincorporated legal entity**." In doing so, the court cited *Pannell v. Missouri Ins. Guaranty Ass'n*, 595 S.W.2d 339, 352 (Mo. Ct. App. 1980) which further explained that a "nonprofit unincorporated legal entity" is not liable for vexatious refusal to pay because it is not engaged in a "commercial or industrial" undertaking and has no financial "gain" in the transacting or doing business of insurance.

Presenting the *Missouri Prop.* citation misleads the court. Further, the statute cited in *Missouri Prop.*, RSMo. § 375.785.1, is no longer in existence in the Missouri Revised Statutes. A movant should not cite a case based on a statute that did not apply when the cause of action arose and does not exist when the motion removal is being made.

In the instant action, neither Defendant Burns nor Defendant Ehrhardt are "nonprofit" entities not engaged in "commercial or industrial" undertaking in the transacting or doing business of insurance. Rather, both are "for profit" entities that are actively engaged in the business of insurance listed explicitly above in RSMo. §

375.046. Defendant Burns is a licensed "Business Entity Producer" so authorized by the Missouri Department of Insurance, under Missouri law. (Petition at ¶ 7) Defendant Burns was and is the "Agent" of Defendant Lloyd's. (Petition at ¶ 11) As such, Defendant Burns created the Quotation, delivered the Quotation and later, the Insurance Policy to Plaintiff in the state of Missouri, acted as producer in Missouri under Missouri law, and accepted premiums in Missouri.

Defendant Ehrhardt is a licensed Surplus Lines Licensee and Producer pursuant to the Missouri Surplus Lines Laws, is an agent of Defendant Burns and an "Authorized Agent" and "Authorized Representative" of Defendant Lloyd's. (Petition at ¶¶ 10, 12, 13) Defendant Ehrhardt signed the Insurance Policy as an Authorized Representative and Authorized Agent' and acted as surplus lines licensee, and as Producer in Missouri under Missouri law.

Therefore, because Defendant Burns and Defendant Ehrhardt are both "for profit" entities actively engaged in the insurance business activities of RSMo. § 375.046, both are liable under the RSMo. § 375.420 "Vexatious Refusal to Pay Claim" law, as well as RSMO. § 375.296 for additional damages for vexatious refusal to pay. Because Defendant Burns and Defendant Ehrhardt are necessary parties to this action, and both are Missouri based entities; Defendants diversity claim is invalid, making removal to federal jurisdiction inappropriate. Therefore, Defendants' motion to remove should be denied and Plaintiff's cross motion to remand to state court should be granted.

### B. THE EXISTING FACTORS OF THIS CASE MEET THE "EXCEPTIONAL CIRCUMSTANCES TEST" AND THEREFORE MERIT FEDERAL ABSTENTION

A federal district court should, in the exercise of discretion, decline to exercise jurisdiction over a diversity action raising issues of state law when those same issues

are being presented contemporaneously to state courts. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 126 (1968). The pendency of a similar action in state court may merit federal abstention based on "considerations of wise judicial administration" that counsel against duplicative lawsuits. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 816 (1976).

Where actions are parallel, a federal court will abstain from the exercise of its jurisdiction over the duplicative litigation if the balance of six factors of the "exceptional-circumstances test" weighs in favor of the stay. *U.S. Fidelity and Guar. Co. v. Murphy Oil USA, Inc.*, 21 F.3d 259, 263 (E.D. Ark. 1994). The factors are: (1) whether either court has assumed jurisdiction over a *res*; (2) the geographical inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) which case has priority – not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases; (5) whether state or federal law controls; and (6) the adequacy of the state forum to protect the federal plaintiff's rights. *Id.* at 263. No single factor is determinative, instead these factors are to be applied in a "pragmatic, flexible manner with a view to the realities of the case at hand." *Darsie v. Avia Group Int'l, Inc.*, 36 F.3d 743, 745 (8th Cir. 1994).

In the instant action, the state court has assumed jurisdiction over the *res*. Such jurisdiction is illustrated by Plaintiff's filing of the summons, proofs of service, and Petition in the Missouri state court claiming a breach of contract and vexatious refusal to pay arising from an alleged failure of Defendant Lloyd's to pay his insurance claim.

In terms of convenience of the federal forum, the factor is neutral. Defendant Lloyd's is a foreign insurance market located in the United Kingdom and at all times was doing business and selling insurance in the state of Missouri pursuant to the

Missouri Surplus Lines Laws. Defendant Burns and Defendant Ehrhardt both maintain their offices in St. Louis County at the same street address. Plaintiff lives in St. Louis City and the Subject Property is located in St. Louis County. The courts are within blocks of each other. Both forums are equal in their geographical convenience.

Avoiding piecemeal litigation is a predominant factor in the "exceptional-circumstances analysis." *Moses H. Cone Memorial Hosp. v Mercury Const. Corp.*, 460 U.S. 1, 16 (1983). Conflicting opinions between state and federal courts "cause unwarranted friction between state and federal courts, as a result which is obviously undesirable and avoidable." *Employers Ins. of Wausau v. Missouri Electr. Works, Inc.*, 23 F.3d 1372, 1375 (8th Cir. 1994).

The Missouri state court action is the most comprehensive and appropriate means of redress and would fully and finally determine the entirety of the legal relationship between Plaintiff and Defendant Lloyd's, thereby avoiding any type of piecemeal litigation. Plaintiff is a Missouri citizen and Subject Premises are located in Missouri. The insurance laws are creations of Missouri statutes. Defendant Burns and Defendant Ehrhardt are both Missouri based entities that actively engaged in insurance business activities in this insurance transaction, all of which took place with the state of Missouri. All proposed witnesses reside in or maintain their offices in Missouri. At all times Defendant Lloyd's was engaged in insurance business activities within the state of Missouri. Considering the engagements of these Defendants, some issues of law here exist under the "Provisions Applicable to All Insurance Companies within the state of Missouri," RSMo. Chapter 375 and some under the "Missouri Surplus Lines laws," RSMo. Chapter 374. The Missouri courts are uniquely and historically positioned to determine the merits of this action.

The Missouri state-court action has priority of this case because it has progressed further. Plaintiff filed his Petition in state court on May 13, 2013. On May 15, 2013, the summons was issued by the Missouri state court. Further, proofs of service on Defendants Burns and Ehrhardt were filed in the Missouri state court on May 28, 2013 and proof of service on Defendant Lloyd's was filed in the Missouri state court on June 4, 2013. The action pending in federal has only just begun, as Defendants responded to Plaintiff's Petition with a motion to dismiss and a notice of removal; effectively stopping determinative motions that were prepared and about to be served and filed in state court under Missouri law.

Missouri's substantive law will control this action and all Defendants took active part in the contract process. It is clear that the Missouri state court is the most appropriate arbiter of the legal questions between the parties. All acts of Defendant Burns and Defendant Ehrhardt were acts of the insurer, Defendant Lloyd's.

Defendant Burns received premium payments in the state of Missouri, which subjects Defendants to RSMo. § 375.046 which statute states, "any person or person in this state who shall receipt for any money on account of or for any contract of insurance made by such person…..or who shall receive or receipt for any money from other persons, to be transmitted to any such insurance company or association, either in or out of this state, for policy or policies of insurance issued by the company or association…or who shall make or cause to be made, directly or indirectly, any contract of insurance for the company or association, shall be deemed to all intents and purposes a producer of the company or association, and shall be subject to all the provisions and regulations and liable to all the penalties provided and fixed by RSMo. § 375.010 to § 375.920."

The Application for insurance and the initial premium were accepted in early September 2012 in the state of Missouri by Defendant Burns. The Quotation was issued on September 18, 2012 in the state of Missouri. The Certificate of Insurance was issued by Defendant Burns as Agent of Defendant Lloyd's and executed by Defendant Ehrhardt as Authorized Agent and Authorized Representative on November 1, 2012 in the state of Missouri. Pursuant to Missouri law, the Policy was physically delivered to Plaintiff by Defendant Burns in the state of Missouri. Process was served on Defendants Burns and Ehrhardt on May 28, 2013 in the state of Missouri and on Defendant Lloyd's in the state of New York pursuant to the contractual terms of the "Service of Suit Clause (U.S.A.)" of the Policy (Exhibit C to Petition). Rule 54.13; RSMO. §§ 375.046, 375.256.

Therefore, Defendant Lloyd's is liable under RSMo. § 375.420 under the Missouri "Vexatious Refusal to Pay Claim" law, as well as RSMO. § 375.296 for additional damages for vexatious refusal to pay.

It is clear the Missouri state court is an adequate forum to protect Plaintiff's and Defendants' rights. Plaintiff is a resident of the state of Missouri and the Subject Premises that suffered the catastrophic fire loss is in Missouri. All business between Plaintiff and Defendant Lloyd's took place within Missouri in accordance with the Missouri Surplus Lines Law. Further, Defendant Burns is a Missouri business corporation and Defendant Ehrhardt is a Missouri Business Entity Producer, and both maintain their offices at the same location in St. Louis County, within the state of Missouri.

## C. DEFENDANTS BURNS AND EHRHART ARE PROPERLY DEFENDANTS IN THIS ACTION

### 1. DEFENDANT LLOYD'S IS NOT A FOREIGN ENTITY

In Section I. B. above, Plaintiff set forth the facts that establish that Defendants Burns and Ehrhardt are necessary parties defendant.

In order for diversity jurisdiction to apply, complete diversity is required, where none of the plaintiffs can be from the same state as any of the defendants. *Guaranty Trust Co. v. York*, 326 U.S. 99 (1945)

In the instant action, **Defendant Lloyd's is *not* a corporation or a foreign corporation.** Lloyds' is a foreign insurance market that, at all times set forth herein, was and is doing business and selling insurance in the state of Missouri. As Mendes and Mount wrote, "we are authorized only to accept service of suit by the Named Insured against the Underwriters subscribing the policy. (" Exhibit "1" hereto)

Defendant Lloyd's, not being a foreign corporation, can be treated only as a citizen of the state in which it is doing business – Missouri – where its business is located.

Lloyd's is also not a partnership or limited liability company, *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006). No one knows who "the Named Insured against the Underwriters subscribing the policy" are. None of the requirements for finding the existence of a partnership or a limited liability company exist. More to the point, **Defendant Lloyd's does not claim to be a partnership or limited liability company.** Defendant Lloyd's, not being a partnership or a limited liability company, can be treated only as a citizen of the state

in which it is doing business – Missouri – by its agents, representatives and producers, under Missouri law. For the purposes of this litigation, it is nowhere else.

Defendants seek to have Missouri's proper and legitimate subject matter jurisdiction and *in personam* jurisdiction interfered with by improper removal.

## 2. DEFENDANTS BURNS AND EHRHARDT ARE NOT AGENTS OF A DISCLOSED PRINCIPAL

The combined motion by defendants states no proper ground for the court to remove this action and there is no disclosed principal entity to which the defendants can point in their principal/agent argument. The general rule is that where a third party and an agent for a **disclosed principal** make a contract, **the agent is not personally liable to the third party** for a breach of the contract. *Grether v. DiFranco*, 178 S.W.2d 469, 473[5–7] (Mo.App.1944). First, there is no disclosed principal in this litigation. The caption names "Certain Underwriters at Lloyd's London" as the named party defendant. The Quotation names the same entities – a plural noun – as "supplier(s)" and the Policy (Exhibit C to Petition, declaration page) states, "Insurance is effective with certain UNDERWRITERS AT LLOYD'S, LONDON." (Capitalization in Original). Defendants cite *Moore v. Seabaugh*, 684 S.W.2d 492, 494 (Mo. App. E.D. 1984) discussing an agent of a disclosed principal. It and the other cases cited by defendants on this issue are not relevant, since Defendants Burns' and Ehrhardt's purported principal, if known even to them, remains undisclosed.

Each defendant: Lloyd's, Burns & Wilcox, Ltd. ("Burns") and Michael L. Ehrhard ("Ehrhardt"), performed physical acts within the state of Missouri within the insurance transaction and contract that bottoms Plaintiff's Petition. This court is not bound by the formalisms of agency when that formalism ignores the evident facts establishing that the action truly belongs in state court. Defendants' motion does not

state one true fact in support of their request; nor do they deny the factual statements in the Petition.

Defendants cite *Anderson v. Home Ins. Co.*, 724 F. 2d 82 - Court of Appeals, 8th Circuit 1983 in support of their claim of fraudulent joinder. But *Anderson* clearly states, *inter alia*, "... Politte apparently was uninvolved in the libel claim. As a result, Politte is not an indispensable party, see Fed.R.Civ.P. 19(a), and under Fed.R.Civ.P. 21 the district court properly dismissed Anderson's claim against Politte." In the instant action Defendant Burns and Defendant Ehrhardt were intimately involved in the Application analysis (Exhibit B to Petition, Quotation, page 3 of 4), Defendant Burns created, issued and delivered the Quotation to Plaintiff and Defendant Ehrhardt signed the Policy as Authorized Agent and Authorized Representative, Policy which names Defendant Burns as Agent.

In like manner, defendants cite *Faucett v. Ingersoll-Rand Min. & Machinery Co.*, 960 F. 2d 653 - Court of Appeals, 7th Circuit 1992. The court held that "Minor's uncontradicted affidavit, essentially stating that he has had absolutely nothing to do with any roof-bolters at the Peabody Mine, is sufficient to establish fraudulent joinder. In the instant action, Defendants present nothing, not a single true fact to establish fraudulent joinder. In the instant action, all facts have been presented by Plaintiff; and all facts support the acts of Defendants Burns and Ehrhardt in this insurance transaction in the state of Missouri.

## CONCLUSION

For the reasons stated above in this memorandum, Plaintiff Rico Ayuso respectfully prays that this Court (1) deny removal on the ground of diversity since Defendant Burns and Defendant Ehrhardt are necessary parties who acted and performed in this insurance transaction in the state of Missouri, and further because

Defendants fail to establish facts to invoke required diversity jurisdiction for this case to be removed to federal court; (2) in the exercise of discretion, decline to exercise jurisdiction over a diversity action raising issues of state law when those same issues are being presented contemporaneously to state courts; (3) award Plaintiff reasonable attorneys fees for defending the combined motion and prosecuting the motion to remand; and (4) remand the instant action back to the Circuit Court of the City of St. Louis, State of Missouri.

Respectfully submitted,

THE CHASE LAW FIRM, PC

_/s/ Sydney J. Chase_

SYDNEY J. CHASE
*pro hac vice*
MATTHEW S. CHASE, #57085
231 South Bemiston Avenue, Suite 800
Clayton, MO 63105-1925
(314) 854-9166 office
(314) 256-1966 fax
Email:sydney@chaselawpc.com

*Attorney for plaintiff*
*Rico Ayuso*

## CERTIFICATE OF ELECTRONIC FILING AND COURT SERVICE

I do hereby certify that on the 21st day of July, 2013, I electronically filed the foregoing joint memorandum in opposition to Defendants' combined motion and in support of Plaintiff's motion to remand this action to the Circuit Court of the City of St. Louis with the Clerk of the Court using the CM/ECF system, which will send notifications to the attorneys of record.

Sydney J. Chase