UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RICO AYUSO, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:13 CV 1211 DDN |
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, et al., | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER OF REMAND

This action is before the court on the motions (a) of defendants Certain Underwriters at Lloyd's of London, Burns & Wilcox, Ltd., and Michael L. Ehrhardt to dismiss defendants Burns & Wilcox, Ltd., and Michael J. Ehrhardt and (b) of plaintiff Rico Ayuso to remand. (Docs. 8, 19.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 21.) The court heard oral argument on August 15, 2013.

## I. BACKGROUND

On May 13, 2013, plaintiff Rico Ayuso commenced this action against defendants Certain Underwriters at Lloyd's of London, Burns & Wilcox, Ltd., and Michael L. Ehrhardt in the Circuit Court of the City of St. Louis. (Doc. 6.) On June 26, 2013, defendant removed the action to this court under 28 U.S.C. § 1441(b), invoking diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1.)

According to the state court petition, the following occurred. Defendant Certain Underwriters at Lloyd's of London (Lloyd's) is a foreign insurance market. (Doc. 6 at ¶ 3.) Defendant Burns & Wilcox, Ltd., is a Missouri corporation, licensed as a business

entity producer, and an agent of defendant Lloyd's. (Id. at ¶¶ 5, 7, 11.) Defendant Michael Ehrhardt is a licensee of Burns & Wilcox, Ltd., and an agent of defendants Lloyd's and Burns & Wilcox. (Id. at ¶¶ 8, 12.)

Plaintiff also alleges that on October 23, 2012, plaintiff submitted an application for homeowners insurance for his residence in St. Louis, Missouri. (Id. at ¶¶ 1, 14.) On September 18, 2012, Burns & Wilcox quoted a homeowners' insurance policy with an effective period of October 23, 2012 to October 23, 2013, naming Lloyd's as the supplier. (Id. at ¶ 15.) Burns & Wilcox negotiated and retained plaintiff's premium payments. (Id. at ¶ 17.) On November 1, 2012, Lloyd's issued a certificate of insurance for the policy countersigned by Ehrhardt. (Id. at ¶ 18.)

Plaintiff also alleges that on December 24, 2012, fire caused extensive damage to plaintiff's residence. (Id. at ¶ 21.) The insurance policy covers losses caused by fires. (Id. at ¶ 35.) The fire caused sufficient damage to require total replacement of the dwelling, and the estimated replacement cost is $184,500. (Id. at ¶ 28.) The fire also caused sufficient damage to require total replacement of personal property, and the estimated replacement cost is greater than $10,000. (Id. at ¶ 30.) Plaintiff also suffered loss of use with an estimated value of greater than $25,000. (Id. at ¶ 32.) Plaintiff submitted sworn statements of proof of loss as required by the insurance policy and notified defendants of the fire. (Id. at ¶¶ 29, 31, 33.) Plaintiff complied with the terms and conditions of the policy and demanded payment from defendant Lloyd's. (Id. at ¶¶ 37-38.) Defendant Lloyd's refused to accept liability and pay plaintiff under the policy. (Id. at ¶ 40.)

In Count I, plaintiff alleges breach of contract. (Id. at ¶¶ 10-28.) In Count II, plaintiff alleges vexatious refusal to pay under Mo. Rev. Stat. §§ 375.296, 375.420. (Id. at ¶¶ 29-34.) Plaintiff seeks damages in the amount of his loss covered by the policy, interest, attorney fees, and reasonable costs and fees. (Id. at 6-8.)

Defendants move to dismiss defendants Burns & Wilcox and Ehrhardt, arguing that plaintiff fraudulently joined defendants to prevent removal to federal court by defeating diversity of citizenship. Defendants argue that plaintiff has no reasonable basis to establish a cause of action against defendants Burns & Wilcox and Ehrhardt because plaintiff alleges no wrongful conduct committed by either defendant and defendants Burns & Wilxcox and Ehrhardt cannot be held liable for defendant Lloyd's conduct under agency principles. (Doc. 9.)

Plaintiff moves to remand to state court, because this court is without subject matter jurisdiction. Plaintiff argues that defendant Lloyd's, like he is, is a citizen of Missouri, that defendants each performed physical acts related to the insurance policy within the state of Missouri, and that defendants Burns & Wilcox and Ehrhardt are necessary parties to the action under Mo. Rev. Stat. § 375.046. Plaintiff further argues that even assuming the court has subject matter jurisdiction, the court should decline to exercise it under the doctrine of exceptional circumstances. (Doc. 18.)

## II. DISCUSSION

The court has determined, for the reasons set forth below, that the motion to remand the action is dispositive. Therefore, the court will defer the defendants' motion to dismiss to the state courts.

Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997). Courts must be "mindful that the nature of federal removal jurisdiction--restricting as it does the power of the states to resolve controversies in their own courts--requires strict construction of the legislation permitting removal." Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

The propriety of removal to federal court depends in very large part on whether the state court action comes within the scope of the federal court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). The parties invoking jurisdiction, in this case the defendants who removed the action, bear the burden of proof that all prerequisites to jurisdiction are satisfied. Knudson v. Sys. Painters, Inc., 634 F.3d 968, 975 (8th Cir. 2011).

As stated, defendants have invoked this court's diversity of citizenship subject matter jurisdiction, i.e., the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the lawsuit is between citizens of different States. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires complete diversity and may contain "no plaintiff and no defendant who are citizens of the same State." Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998). The parties do not dispute the amount in controversy requirement.

The parties' dispute centers on the requirement of complete diversity of citizenship. First, the parties dispute the citizenship of defendant Lloyd's and whether that defendant satisfies its burden of showing subject matter jurisdiction. Second, although the parties agree that defendants Burns & Wilcox and Ehrhardt are citizens of Missouri in violation of the complete diversity requirement, defendants argue that Burns & Wilcox and Ehrhardt are fraudulently joined because plaintiff has no reasonable basis for recovery against them.

Defendants allege that defendant Lloyd's is a syndicate within a foreign insurance market with the citizenship of its members. Plaintiff alleges that defendant Lloyd's is a citizen of Missouri because it conducts business within the state.

Defendant Lloyd's is typically understood to be not a single entity but a number of underwriters involved in the Lloyd's of London insurance market, which operates as follows:

> Lloyd's [of London] itself does not insure any risk. Individual underwriters, known as "Names" or "members," assume the risk of the insurance loss. Names can be people or corporations; they sign up for certain percentages of various risks across several policies. Once admitted

> to the Society of Lloyd's, each Name is subject to a number of bylaws and regulations ensuring that he or she is solvent and "that at all times there are available sufficient funds" to pay all claims.
>
> Names underwrite insurance through administrative entities called syndicates, which cumulatively assume the risk of a particular policy. . . . The syndicates are not incorporated, but are generally organized by Managing Agents, which may or may not be corporations. The Managing Agents determine the underwriting policy for the syndicate and accept risks on its behalf, retaining a fiduciary duty toward the underwriting Names. As mere administrative structures, the syndicates themselves bear no risk on the policies that they underwrite; the constituent Names assume individual percentages of underwriting risk. The Names are not liable for the risks that the other Names assume.
>
> Lead underwriters, or active underwriters, serve as the public faces for particular syndicates. . . . This underwriter is usually the only Name disclosed on the policy, although the Lloyd's Policy Signing Office keeps records on the identity of each Name underwriting a policy. In the event of a suit over a Lloyd's policy, the lead underwriter is often named specifically in the suit.

Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1083 (11th Cir. 2010). The insurance policy sued upon in this case indicates that a single underwriting syndicate, the Hiscox Syndicate, assumed the risk of loss. (Doc. 6 at 20 ("HIS 33"); Doc. 28-1.)

The Eighth Circuit has not addressed the appropriate method to determine the citizenship of Lloyd's of London syndicates. Those federal Circuit Courts who have considered the issue have split in their decisions. Standing alone, the Sixth Circuit held that the diversity analysis looks only to the citizenship of the active underwriters. Certain Interested Underwriters at Lloyd's, London, England v. Layne, 26 F.3d 39, 43-44 (6th Cir. 1994). By contrast, the Seventh and Eleventh Circuits held that syndicates must be treated as partnerships and other unincorporated associations for purposes of diversity. Osting-Schwinn, 613 F.3d at 1089; Indiana Gas Co., Inc. v. Home Ins. Co., 141 F.3d 314, 319 (7th Cir. 1998). Specifically, the citizenship of every member of the syndicate, whether or not a Name to the policy at issue, is considered for purposes of diversity. Id.

The record does not identify the active underwriter on the policy sued on in this case. However, as set forth above, the lead underwriters are syndicate members. Defendants have provided an affidavit of Melanie Elias, director of claims for the corporation hired by defendant Lloyd's to adjust plaintiff's claim, and a list of the names of each member of the Hiscox Syndicate, associated country, and, when applicable, country of incorporation. The American states of incorporation are also listed for those members of the Hiscox Syndicate who are U.S. corporations. (Docs. 28-1, 28-2.) Ms. Elias's affidavit states that no syndicate Names reside in Missouri, which the list reflects. (Doc. 28-1 at ¶ 6; Doc. 28-2.) Plaintiff raises no significant credibility concerns regarding the residential information from the affidavit and list, and, for purposes of this motion, the court assumes the truth of the information set forth in these documents.

Nevertheless, the court notes several deficiencies with defendant Lloyd's showing of complete diversity. First, defendant fails to set forth its citizenship with sufficient specificity in the pleadings. See Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990) ("When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties.").

Second, the extra-pleading record indicates that many of the syndicate Names are corporate entities. Whether incorporated abroad or in the United States, the record does not disclose their principal places of business. See 28 U.S.C. § 1332(c)(1); Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 51 (2d Cir. 2012) ("Every corporation is now treated for diversity purposes as a citizen of both its state of incorporation and its principal place of business, regardless of whether such place is foreign or domestic.").

Third, the record indicates that several of the syndicate Names may be foreign limited partnerships and limited liability partnerships. (Doc. 28-2, at 3, 5)(e.g., "LLP" and "Scottish Limited Partnership"). The Supreme Court's holding that citizenship of the individual members of domestic unincorporated associations, including limited partnerships organized under state law, is considered for purposes of diversity raises

concerns. Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990). The Court stated that the rule of looking to the members of unincorporated associations applies to all common law entities. Id. at 190; see also Butler v. Ben Line Steamers Ltd., 664 F. Supp. 1367, 1369 (C.D. Cal. 1986) ("The United Kingdom, like the United States, is an industrialized, English-speaking, common-law nation."). Defendant Lloyd's has not shown the citizenship of the individual members of the foreign limited partnerships or limited liability partnerships.

The court recognizes that defendant Lloyd's burden of alleging complete diversity is more onerous than that of a typical party. "The rule of Carden, however, is 'technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization,' and does not admit of exceptions based on convenience or practicality." Osting-Schwinn, 613 F.3d at 1090 (quoting Carden, 494 U.S. at 196). The record is simply insufficient to satisfy defendant Lloyd's obligation to show subject matter jurisdiction based upon diversity of citizenship of each individual ultimately financially responsible person or entity that makes up the identified syndicate. Accordingly, plaintiff's motion for remand is sustained.

Because defendant Lloyd's fails to satisfy its jurisdictional burden regarding its own citizenship, the court need not consider defendants' arguments regarding fraudulent joinder. Defendants' motion to dismiss defendants Burns & Wilcox, Ltd., and Michael J. Ehrhardt is left for the state courts to decide.

Additionally, plaintiff requests reasonable attorney fees for defending defendants' motion and prosecuting his motion for remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The complex questions of law and fact invoked by defendants' arguments for both motions convince the court that defendants had an objectively

reasonable, although not ultimately legally sufficient, basis for seeking removal. Accordingly, the court denies plaintiff's request for attorney fees.

## **ORDER**

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of plaintiff Rico Ayuso to remand (Doc. 19) is sustained. This case is remanded to the Circuit Court of the City of St. Louis.

**IT IS FURTHER ORDERED** that the motion of defendants Certain Underwriters at Lloyd's of London, Burns & Wilcox, Ltd., and Michael L. Ehrhardt to dismiss defendants Burns & Wilcox, Ltd., and Michael J. Ehrhardt (Doc. 19) is deferred to the state courts for determination.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 11, 2013.